Argued November 21; affirmed December 5, 1944

# INDUSTRIAL CHROME PLATING CO. *v.*
## NORTH ET AL.
(153 P. (2d) 835)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY and HAY, Associate Justices.

*Geo. L. Rauch,* of Portland, for appellant.

*Stanley Jones,* Deputy District Attorney, of Portland (James R. Bain, District Attorney, and Stanley Jones and W. G. Harrington, Deputy District Attorneys, all of Portland, on the brief), for respondents.

BELT, J.

This action was commenced on March 23, 1943, against Charles G. North, constable for Multnomah county, and the sureties on his official bond, to recover damages resulting from an alleged wrongful seizure and taking into custody of property, under order of the plaintiff, in a claim and delivery action. Demurrers were sustained to the second amended complaint upon the ground that the action was barred by the statute of limitations. Plaintiff refused to plead further and the action was dismissed.

The gist of the alleged cause of action is that the defendant constable wrongfully and wantonly took into

his custody a certain Western Electric generator set which was then and there being used by the Industrial Chrome Plating Company in its business.

It is alleged that the generator set was, on May 26th, 1938, removed by the constable from this going business concern and stored with the Barde Steel Company where it remained at the time of making his return on May 9, 1940. It is alleged that when the constable thus took this property into his possession he disconnected the generator from other machinery and electrical equipment thereby causing the place of business to be shut down for several days. It is further alleged that the generator set which was wrongfully seized and taken into custody was not subject to nor included in such process and that plaintiff therein never was the owner nor entitled to possession thereof. Otherwise stated, the complaint discloses that plaintiff in the claim and delivery action caused the constable to levy upon the wrong electric generator set under the belief that it was the same generator set purchased by it at a constable's execution sale, wherein the Corbin Chrome Plating Company, a corporation, was plaintiff. It is charged in substance that, as a result of this wrongful taking of the electric generator set, the business of the Industrial Chrome Plating Company sustained general and special damages which, for the purpose of this appeal, it will not be necessary to discuss. There are many other allegations in the complaint but we have referred only to those deemed material to a consideration of the question for decision.

Subdivision 1 of § 1-205 O. C. L. A. requires that this action be commenced within three years after the cause accrued. The precise question for decision is,

when did the cause of action accrue; for it is at such time that the statute of limitations commenced to run: § 1-201, O. C. L. A.; *Zurcher v. Booth*, 80 Or. 335, 157 P. 147; *Stephenson v. Van Blokland*, 60 Or. 247, 118 P. 1026.

Plaintiff asserts that the statute commenced to run from the date of the constable's return on May 9, 1940. If the time is computed from that date it is clear that the action is not barred. It is also contended by plaintiff that the tort involved is of a continuous nature and therefore the statute does not commence to run from the time when the property was wrongfully seized.

Defendants contend that, since the constable, under § 7-412 O. C. L. A., was required to make a return within 20 days after taking custody of the property, the statute commenced to run 20 days after May 26, 1938. Defendants deny the application of the continuous tort theory.

We think the statute commenced to run from the time the property was wrongfully seized by the constable: Wood on Limitations (4th Ed.) § 187d (8). It was then that a cause of action accrued. Plaintiff was not injured by the failure of the constable to make a return in compliance with the statute. Its damage resulted from the wrongful taking of the electric generator set. The tort was committed when the constable took possession of property not the subject of the claim and delivery action. The action accrued at the time of the breach of official duty. It is immaterial that the extent of the damages could not be determined at the time of the wrongful seizure: *McKay v. Coolidge*, 218 Mass. 65, 105 N. E. 455, 52 L. R. A. (N. S.) 701, Ann. Cas. 1916A, 883. See authorities in note 126 A. S. R. 952. The party injured was entitled to recover damages

up to the time of trial. The rule applicable is thus stated in 17 R. C. L. 764, Limitation of Actions § 129:

" * * * It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequences. The statute then begins to run, and not from the time of the damage or discovery of the injury. * * * *"

 We do not mean to say that the statute of limitations would not, under any factual situation, commence to run from the time of the officer's return. In some cases it is plain that the injury would result from the failure of the sheriff or constable to make the return in the time provided by statute. Number of authorities have been cited by appellant relative to this phase of the case but none of them concern a seizure of property not embraced within the writ. Cases involving an insufficient levy upon property under a writ caused to be issued by the plaintiff in such actions are clearly not in point. Neither are cases in point where intervening rights of creditors accrued because of the failure of the officer to make a timely return on the writ, nor are we concerned with a false return: Anderson on Sheriffs, Coroners and Constables, § 699. Here, the constable was exercising dominion and control over property foreign to his writ or process. As to such property he was a mere trespasser: 47 Am. Jur. 857, Sheriffs, Police and Constables, § 48. We do not see how the failure to make a return in the instant case had anything to do with the injury alleged to have been sustained. Certainly there must be some causal

connection between the breach of official duty and the damages sustained in order to maintain the action. The cause of action in the instant case accrued May 26, 1938—the time of the wrongful seizure. The action was not commenced within three years from such date and, therefore, is barred.

■ Appellant seeks to be relieved of the bar of the statute of limitations by invoking the rule applicable to continuous or repeated torts. It is true that this court in *Hotelling v. Walther,* 169 Or. 559, 130 P. (2d) 944, 144 A. L. R. 205, and *Shives v. Chamberlain,* 168 Or. 676, 126 P. (2d) 28—involving charges of malpractice against a dentist and a physician respectively —departed from the general rule and held that the statute of limitations commenced to run when the treatment, which extended over a period of weeks, ceased. Under the facts in these cases, the repeated acts of negligence constituted a continuous tort. The alleged negligent treatment was considered as a whole and the plaintiffs therein were not obliged to split their causes of action.

In our opinion, the facts in the instant case do not come within the exception to the general rule. No continuous or repeated acts of negligence are involved. After the wrongful seizure of the property, it was stored and the constable did nothing further about it. The cause of action was complete—aside from the extent of the damages—when the property was taken into the custody of the constable.

■ The argument—based upon allegations of the complaint—is presented that the plaintiff first learned of the wrongful seizure of the property during the trial of the claim and delivery action. It is difficult to

reconcile such allegations with the specific charge that the electric generator was disconnected and taken away by the constable on May 26, 1938. Be that as it may, we think that, in the absence of fraudulent concealment in the taking, it is immaterial when plaintiff first learned about the transaction so far as the running of the statute of limitations is concerned.

The judgment dismissing the action is affirmed.