Argued December 8, 1971, affirmed January 26, petition for
rehearing denied February 23, 1972

CITIZENS INSURANCE COMPANY OF NEW
JERSEY, *Appellant, v.* SIGNAL INSURANCE
COMPANY, *Respondent.*

493 P2d 46

*Edwin J. Peterson,* Portland, argued the cause for

appellant. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

*Austin W. Crowe, Jr.,* Portland, argued the cause for respondent. With him on the brief were Maguire, Kester & Cosgrave, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOLMAN, J.

This is an action by one insurance company against another to recover amounts paid and defense costs incurred by plaintiff under one of its policies. Plaintiff appeals from a judgment for defendant after defendant's demurrer was sustained to plaintiff's complaint and plaintiff declined to plead further.

The facts are those which are alleged in plaintiff's complaint. While riding as a passenger on a motor bike, Terre Palmer was injured when the motor bike was involved in a collision with an automobile. The operator of the automobile was covered by defendant's liability policy. In response to an inquiry made by Terre Palmer's attorney concerning defendant's coverage of the operator of the automobile, defendant denied coverage of the operator of the automobile.

The plaintiff had issued a policy which provided Terre Palmer with uninsured motorist coverage. This policy provided her with uninsured motorist coverage not only in a situation in which the motorist causing her injury had no liability insurance but also in the situation where such motorist had liability insurance but the company having such coverage *"denies cover-*

*age thereunder.*" Defendant knew of plaintiff's policy and knew that its denial of coverage would cause plaintiff to incur coverage under plaintiff's policy.

Arbitration proceedings were filed by Terre Palmer under the provisions of plaintiff's policy and she was awarded $5,000, which was the maximum amount of plaintiff's coverage. That sum was paid by plaintiff to Terre Palmer.

Defendant's demurrer was upon two grounds: failure to state a cause of action and failure to commence the action within the time limited by the statute. If the demurrer was well taken on either ground, plaintiff's appeal must fail. We will first consider whether the action was brought within the time limited by the statute.

Plaintiff contends its action sounds in tort. If it does, the applicable statute of limitations is ORS 12.110(1), which provides that "[a]n action * * * for any injury to the * * * rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; * * *." Defendant's denial of coverage, which invoked plaintiff's liability to its insured, Terre Palmer, occurred on November 18, 1966. The amount owed its insured was determined by arbitration on June 24, 1968, and thereafter paid. This action was commenced May 20, 1970. If plaintiff's cause of action, presuming such an action exists, accrued[2] at the time plaintiff's coverage was invoked by defendant's denial of coverage, the two-year

---

[1] ORS 12.010: "Actions at law shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute. The objection that the action was not commenced within the time limited shall only be taken by answer, except as provided in ORS 16.260."

statute had run at the commencement of this action. If it accrued at the time of the payment of Terre Palmer's award, it had not.

■ The wrongful act which caused plaintiff's damage was defendant's denial of coverage, which automatically invoked plaintiff's coverage of its insured under its policy. At that time, plaintiff could not determine the extent of its liability to its insured. It depended upon the extent of her injuries and whether the operator of the automobile negligently caused them. The general rule relating to the accrual of a cause of action where the extent of the damages is not yet determined was quoted with approval in *Industrial Plating Co. v. North,* 175 Or 351, 153 P2d 835, 156 ALR 250 (1944):

> " " * * It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequences. The statute then begins to run, and not from the time of the damage or discovery of the injury. * * *' " 175 Or 351 at 355.

This statement has subsequently been qualified by us in some respects in relation to discovery of the injury, but that part of the quoted rule is not applicable to this case. It is not necessary in this case to go as far as the rule purports to go because plaintiff incurred some damage when the coverage of its policy was invoked and it had to contend with its insured's claim.

■ Plaintiff's only argument is that the present situation is similar to one of indemnity and that a cause of action for indemnity does not accrue until the pay-

ment of the loss. This is not a case of indemnity. Such a case requires that a common duty be mutually owed to a third party. Restatement of the Law of Restitution § 76, comment *b*. at 331. Plaintiff and defendant neither had a common duty nor did they owe a duty to the same person. Defendant owed no duty to Terre Palmer to pay her anything. Therefore, the payment by plaintiff of its obligation to her did not give rise to any right similar to indemnity against defendant. It merely established the extent of part of the damages which plaintiff claims. It is our conclusion that the statute of limitations ran upon plaintiff's claim two years from the time defendant denied coverage and that the trial court correctly sustained the demurrer to plaintiff's complaint.

Because of our disposition of the case on the basis of the statute of limitations, it is unnecessary for us to decide whether plaintiff's complaint states a cause of action.

The judgment of the trial court is affirmed.