Argued November 5, 1973, affirmed March 7, 1974

KAMYR, INC., *Appellant, v.* BOISE
CASCADE CORPORATION,
*Respondent.*
519 P2d 1031

*David C. Landis,* Portland, argued the cause for appellant. With him on the briefs were Jeffrey M. Batchelor, and Gearin, Landis & Aebi, Portland.

*James D. Huegli,* Portland, argued the cause for respondent. With him on the brief were Wayne A. Williamson, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

HOLMAN, J.

Plaintiff filed an action seeking to be reimbursed on the theory of common law indemnity for the expense

of defending an action brought against it by an injured workman of defendant. Defendant interposed a demurrer which was sustained and plaintiff appealed from the resulting judgment.

The complaint stated that plaintiff entered into a contract with defendant to design and construct a digester system used in the manufacture of paper pulp in defendant's mill. After completion of the work and its acceptance, one Weber, an employe of defendant, was injured as the result of an explosion of a flash tank pump. The complaint alleges the pump had been selected and installed by defendant and was not part of plaintiff's contract. Subsequent to his injury Weber filed an action against plaintiff. All we know about what was alleged by Weber in that action are the following allegations of plaintiff's complaint in this action which say that Weber alleged

"* * * that it [plaintiff] was negligent in certain particulars and alleging and contending that the digester system was as a result of the sale thereof by plaintiff to Boise-Cascade Corporation [defendant] in an inherently dangerous condition and contending by reason thereof that plaintiff Kamyr, Inc., was strictly liable to Frank C. Weber * * *."

Weber's litigation was alleged to have been resolved in favor of plaintiff. Plaintiff also alleged that defendant was negligent in the selection, installation, and operation of the pump, which negligence was the sole cause of Weber's injuries; that plaintiff had tendered to defendant the defense of the action against it brought by Weber, and defendant had refused such tender.

■ Defendant's common law indemnity duty to reimburse plaintiff for any liability adjudicated to be due

by plaintiff to Weber and whether defendant has a duty to defend plaintiff against such claims or to pay for its costs of defense, depends, in part, upon the claims contained in Weber's complaint against plaintiff. Plaintiff is entitled to a defense only if facts are alleged by Weber against plaintiff which, when compared with the culpability of defendant, demonstrate that, as between plaintiff and defendant, defendant should be the one who pays Weber's claim if he sustains it.[1] While the terminology has been criticized, the responsibility of the one who, as between the two, should pay is spoken of as "primary" and the responsibility of the other as "secondary."[2]

■ It is our conclusion that plaintiff's complaint does not sufficiently disclose the claims Weber made against plaintiff to allow us to determine, as between plaintiff and defendant, that it is defendant who should have paid had Weber sustained his claims, and, therefore, the complaint does not state facts which show that plaintiff was entitled to a defense and does not state a cause of action. Plaintiff alleges that Weber claimed plaintiff sold to defendant a digester system which was in an inherently dangerous condition, and, therefore, plaintiff was strictly liable to Weber. These allegations

---

[1] There is language in United States Fire Ins. Co. v. Chrysler Motors Corp., 264 Or 362, 505 P2d 1137 (1973), which, if followed, would result in plaintiff in this case being unable to recover its costs of defense regardless of the allegations in Weber's complaint because plaintiff won, instead of lost, the case Weber brought against it. The language of this opinion is contrary to that language in *United States Fire.* However, the language of this case is not contrary to the additional holding in *United States Fire* that a litigant in the position of plaintiff must, in addition to other things, plead and prove that the litigant in the postion of defendant was "primarily" responsible for the original plaintiff's (Weber's) injuries.

[2] General Ins. Co. v. P. S. Lord, 258 Or 332, 336, 482 P2d 709 (1971).

state no facts which, if true, as between plaintiff and defendant, make it appear that defendant should be the one to pay Weber. If plaintiff furnished an inherently dangerous digester system to defendant and Weber was injured as a result, plaintiff is "primarily" responsible for the injury and is not entitled to be indemnified by defendant even though defendant is also guilty of conduct which would be a basis for "primary" responsibility as alleged in plaintiff's complaint. As between the two, defendant has not been shown by the allegations of the complaint to be the one who should pay.

■ The same is true of the allegation of plaintiff concerning the claims of negligence Weber made against it. Plaintiff's complaint alleges only that Weber claimed plaintiff was negligent. The nature of the negligence Weber claimed against plaintiff is not alleged. Thus, there is no means of determining whether the negligence claimed by Weber against plaintiff when compared with the negligence plaintiff alleges against defendant, dictates that, as between the two, defendant should be the one who is responsible to Weber. If plaintiff's complaint had shown that the acts of negligence alleged by Weber against plaintiff were such that, if proved, plaintiff's liability would be considered "secondary" when compared to the claimed responsibility of defendant for Weber's injuries, then plaintiff's complaint would have stated a cause of action.[9]

---

[9] It is unnecessary for us to decide what the result would be had plaintiff's complaint shown that Weber had alleged varied allegations of negligence against plaintiff, some of which, when compared with the alleged negligence of defendant, would have resulted, if proved, in plaintiff's primary responsibility for Weber's injuries and some of which would have resulted in only secondary responsibility.

It is true that the complaint alleges that defendant was *solely* responsible for Weber's injuries. Be that as it may—if Weber's complaint alleged only what would constitute "primary" negligence when compared with the negligence plaintiff alleges against defendant, and a judgment was entered against plaintiff thereon, plaintiff would have been collaterally estopped to contend that it was not so "primarily" negligent in any action against defendant. *Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970). Nor can it be argued that by successfully defending such an action plaintiff conferred any benefit upon defendant.

While contending that defendant is responsible to it on a common law indemnity theory, plaintiff cites the following language in 25 CJS 788, Damages § 50e (1966):

"[W]here a person through the tort of another has been required to act in protection of his interests by bringing or defending an action against a third person, he is entitled to recover from the wrongdoer attorney fees and other expenses incurred in the prior litigation, * * *." (footnote omitted.)

Plaintiff also makes the following statement in his brief:

"Plaintiff seeks indemnity based upon defendant's alleged breach of duty to plaintiff, that duty being one of an actively negligent tortfeasor to refrain from exposing a non-negligent * * * person to liability or the threat of liability * * *."

It is apparent that under the misnomer of common law indemnity, plaintiff is also attempting to recover pursuant to a simple negligence theory of liability. He is not now posing a situation such as is covered by Restatement of the Law of Restitution § 76, where both are responsible to the third party and as between

the two, one should pay. Plaintiff simply claims that defendant's negligent injury of Weber caused Weber to mistakenly sue plaintiff and, therefore, defendant is responsible for plaintiff's costs of defense. Plaintiff claims that defendant breached its duty not to negligently cause plaintiff financial injury.

■ The language from CJS quoted above and called to our attention by plaintiff is virtually identical to that used in Section 914 of the Restatement of the Law of Torts, which is as follows:

> "A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred."

The rule as stated is a rule of damages and not a rule of liability. An examination of the location of Section 914 in the Restatement demonstrates that it is in the section on damages. The language quoted from CJS in plaintiff's brief is preceded by the following:

> "Where *the natural and proximate consequence* of a wrongful act has been to involve plaintiff in litigation with others, there may, as a general rule, be a recovery in damages against the author of such act of the reasonable expenses incurred in such litigation, including compensation for attorney fees, and such costs as may have been awarded against plaintiff * * *." (footnotes omitted; emphasis added.)

Therefore, before plaintiff has a cause of action, defendant's negligent injury of Weber must have been the legal cause of Weber's action against plaintiff and

plaintiff's resultant expenses of defending that action.[2] Whether legal cause exists (as distinguished from cause in fact) depends upon, among other things, whether it was reasonably foreseeable that defendant's negligent injury of Weber would cause Weber to bring an action against plaintiff to recover for his injury. Plaintiff alleges in its complaint against defendant:

> "The flash tank pump which was manufactured by Worthington Corporation was selected and installed by defendant while plaintiff had no obligation under its contract to either specify, select or install said Worthington pump and said flash liquor pump was expressly excluded from the contract between plaintiff and defendant."

Plaintiff then alleges negligence of defendant both in the selection of the pump and in the operation of the pump and the digester system, and that such negligence was the sole cause of the injuries to Weber.

Before legal causation could exist it would have to have been reasonably foreseeable that Weber would sue a completely innocent person who had no connection with his injuries. In this case plaintiff has not alleged facts which make it appear that it could have been reasonably anticipated that Weber would sue plaintiff. It appears to the contrary. Plaintiff's complaint does not state an action in negligence against defendant because there is no basis upon which to find that defendant's negligence was the legal cause of plaintiff's financial injury.

The judgment of the trial court is affirmed.

---

[2] Fowler v. Benton, 245 Md 540, 226 A2d 556, 563, *cert. denied,* 389 US 851, 88 S Ct 42, 19 L Ed 2d 119 (1967); State ex rel Moore v. Morant, 266 SW 2d 723, 727 (Mo App 1954).

McALLISTER, J., specially concurring.

The elements of an action for common law indemnity are stated in Restatement of Restitution, § 76, as follows:

"A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

Recovery under the foregoing rule was approved in a line of Oregon cases beginning with *Astoria v. Astoria & Columbia River R. Co.*, 67 Or 538, 548-549, 136 P 645 (1913), and including *U. S. Fire Ins. Co. v. Chrysler Motors*, 264 Or 362, 505 P2d 1137 (1973); *Owings v. Rose'*, 262 Or 247, 497 P2d 1183 (1972); *Citizens Ins. Co. v. Signal Ins. Co.*, 261 Or 294, 493 P2d 46 (1972); *Fulton Ins. Co. v. White Motor Corp.*, 261 Or 206, 493 P2d 138 (1972); *General Ins. Co. v. P. S. Lord*, 258 Or 332, 335-336, 482 P2d 709 (1971).

Although plaintiff, in its brief, repeatedly describes its cause of action as one for common law indemnity, plaintiff also repeatedly declares with greater emphasis that the rules entitling a person to common law indemnity, as stated in Restatement of Restitution, § 76, and the cases cited above, do not apply to his case. I quote only two of several similar statements contained in plaintiff's brief.

In his opening brief plaintiff quotes verbatim Restatement of Restitution, § 76, and this court's interpretation of that section in *Fulton Ins. Co. v. White Motor Corp.*, supra, at 210, as follows:

"In an action for indemnity, the claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant

was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter. * * *"

He then states:

"Plaintiff in no way questions the soundness of this rule. Plaintiff contends, however, that *the rule finds no application in the instant case. Fulton,* supra, and virtually every other recent common law indemnity case considered by this Court have involved the situation where passively negligent tortfeasor A has attempted to recover indemnity from tortfeasor B, whose active negligence has been the basis of a recovery of damages by C against A. * * * (Italics added.)

"By comparison, in the instant case the pleadings reflect a non-negligent party A who is attempting to recover indemnity from tortfeasor B whose *sole negligence* has caused A to defend an action by C against A.

"The distinction is important because, while fairness and justice require indemnity in the instant case (see *Prosser,* supra, and *Restatement,* §76, supra) it would be incongruous in the extreme to apply the rule of *Fulton* and other similar cases to the decidedly different factual situation now before this Court. * * *"

In his reply brief plaintiff contends with equal emphasis that the rules governing a cause of action in common law indemnity do not apply to his case as follows:

"Defendant's analysis of *Restatement, Restitution* §76 as construed by this Court in cases such as *United States Fire Insurance Co. v. Chrysler Corp.,* 264 Or 362, 493 P2d 138 (1972) [sic], similarly lacks merit because the present case is simply without the scope of the holdings of *U.S. Fire* and *Fulton.* Only by transforming the present case into something

which it is not, can defendant contend that *U.S. Fire* and *Fulton* are controlling herein."

The complaint in this case alleges that the sole cause of the injury sustained by Frank Weber was the negligence of Boise Cascade in selecting, installing and operating a flash liquor pump in its paper plant at St. Helens. The complaint further implies, if it does not expressly allege, that plaintiff Kamyr, Inc., was not responsible either in contract or tort for the injuries sustained by Weber, but, on the contrary, alleges that:

"* * * The negligence of defendant Boise Cascade Corporation was the proximate efficient, primary and active cause of injury and damages to said Frank C. Weber."

It is apparent from a reading of plaintiff's brief as a whole that plaintiff was attempting to state a cause of action under the rule adopted in Restatement of Torts, § 914, reading as follows:

"A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred."

The same rule is stated in 25 CJS 788, Damages § 50e (1966) and quoted in the majority opinion.

I agree with the majority opinion that plaintiff's complaint does not state a cause of action because it does not allege any facts from which it can be inferred that Boise Cascade Corporation caused Weber to bring an action against plaintiff Kamyr, Inc., who, as far as plaintiff's complaint alleges, was a completely innocent party who had no connection with Weber's injuries. I

agree with the following conclusion in the majority opinion:

> "* * * In this case plaintiff has not alleged facts which make it appear that it could have been reasonably anticipated that Weber would sue plaintiff. It appears to the contrary. Plaintiff's complaint does not state an action in negligence against defendant because there is no basis upon which to find that defendant's negligence was the legal cause of plaintiff's financial injury."

As I stated at the outset, this is not an action for common law indemnity and plaintiff did not intend it to be. Plaintiff expressly argues that the elements of an action for common law indemnity, as stated in Restatement of Restitution, § 76, and restated in *Fulton Ins. Co. v. White Motor Corp.*, supra, are not present in its case. Under these circumstances, all the discussion in the majority opinion about actions for common law indemnity is surplusage and should be deleted. However, for the reasons stated herein, I agree with the result.