Argued February 22, affirmed April 11, 1977·

HALL et al, *Appellants,*
*v.*
CITY OF HILLSBORO, *Respondent.*

(No. 34-386, CA 6285)

562 P2d 597

J. Davis Walker, Forest Grove, argued the cause and filed the briefs for appellants. With him on the briefs was Bump, Young & Walker, Forest Grove.

Ridgway K. Foley, Jr., Portland, argued the cause and filed the brief for respondent. With him on the brief were Donald Joe Willis and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

JOHNSON, J.

Thornton, J., dissenting opinion.

**JOHNSON, J.**

This is an appeal from the dismissal of a complaint filed under the Oregon tort claims act, ORS 30.260 to 30.300, against the city of Hillsboro. Plaintiffs, owners of residential property, allege that they purchased their property relying upon defendant's representation that the abutting street would be developed as a city street, that defendant's intentional and negligent failure to enforce city ordinances resulted in the developer constructing a substandard street, and that they were damaged in the amount of $38,627.90.

The court heard the matter as a motion for summary judgment upon the following stipulated facts:

(a) City ordinances empower defendant to "permit any * * * developer to construct any street * * * subject to [certain] terms and conditions" which include city approval of design and specifications, issuance of a permit, and inspection.

(b) The developer's construction of the street commenced in October 1971 and terminated in September 1972.

(c) On September 19, 1972, defendant took initial action to form an improvement district and on November 8, 1972 adopted an ordinance authorizing improvement of the street. Sometime between these dates, a public hearing was held.

(d) Defendant completed improvement of the street on September 26, 1973.

(e) On November 6, 1973 defendant adopted a resolution of intent to apportion the costs of the improvement. On November 7, 1973 defendant adopted an ordinance authorizing the improvement. Public hearings were held on December 4, 1973 and January 2, 1974 and on January 2, 1974 defendant adopted an ordinance declaring an assessment in the amount of $38,627.90.

(f) On February 8, 1974 plaintiffs gave notice to defendant of their claim.

(g) On April 25, 1974 plaintiffs filed this action.

[ 163 ]

Defendant alleged several affirmative defenses including failure to give timely notice as required by ORS 30.275(1). We do not need to consider the other defenses because of our decision on this issue.

■ The statute requires that:

> "(1) Every person who claims damages from a public body for or on account of any *loss or injury* within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body *within 180 days after the alleged loss or injury* a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded.
>
> "* * * * *
>
> "(3) *No action shall be maintained unless such notice has been given* and unless the action is commenced within two years after the date of *such accident or occurrence.*" (Emphasis supplied.)

Read together, subsections (1) and (3) indicate that both the 180 day notice period and the two year statute of limitations run from the same date. We construe the statute to incorporate general common law and statutory principles for determining the accrual of a cause of action.

A cause of action usually does not accrue until there has been a tortious act and injury or damage. The two elements may be contemporaneous or there may be a time lapse. Nonetheless, the action cannot accrue until both have occurred. *U. S. Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976). A corollary rule applicable in malpractice actions is that in order for the cause of action to accrue there must not only be a tortious act and injury, but also a reasonable opportunity for discovery. *U. S. Nat'l Bank v. Davies, supra.* The policy considerations embodied in the malpratice rule arguably are applicable to the allegations in this case. The alleged defects in the construction of the street might not be readily apparent and thus plaintiff should be afforded a reasonable opportunity for discovery. We do not here decide that issue because even under the most

liberal rule plaintiffs' cause of action accrued more than 180 days before notice was given.

■   Plaintiffs rest their entire case on the contention that the injury was the assessment on their property and that did not occur until January 2, 1974. To the contrary, the injury to plaintiffs as landowners presumably was the diminution in the value of their property caused by the alleged defective construction. The actions taken by defendant to correct the defects are wholly fortuitous. Defendant could have elected not to improve the street, or to improve the street and impose a general tax on all taxpayers, or to sue the developer, or impose an assessment. The amount of the assessment might have been relevant evidence in determining damages, i.e., diminution in value, but certainly is not the legal measure of damages as contended by plaintiffs. *See City of Portland v. Kamm,* 10 Or 383 (1882). Similarly, subsequent sales by adjoining property owners would be evidence in determining damages. But obviously such sales would not be considered an integral element of the cause of action.

■   The fatal flaw of plaintiffs' contention that the injury was the assessment is that if this is the case, then defendant is immune from liability. ORS 30.265 provides:

> "(2) Every public body is immune from liability for:
> "* * * * *
>
> "(c) Any claim in connection with the assessment and collection of taxes."

Plaintiff contends that what is at issue is an assessment and not a tax. Courts have on occasion recognized such a distinction for determining whether particular assessments are subject to certain constitutional restrictions. *See King v. City of Portland,* 2 Or 146 (1865). However, even such cases acknowledge that an assessment is a tax in the broad sense that it constitutes an exercise of the sovereign power to tax. *King v. City of Portland, supra* at 153. In *Colby v. City*

*of Medford,* 85 Or 485, 525, 167 P 487 (1917) the court stated:

> "* * * [I]t must be remembered that although a special benefit assessment is to be differentiated from a pure tax, nevertheless the power to assess is embraced in and its exercise is a manifestation of the power of taxation * * * ."

We construe ORS 30.265 to encompass any manifestation of the power of taxation. Whenever government taxes, whether by general levy or special assessment, the result is inevitably fractious. The legislature intended that public bodies and officials have broad immunity in exercising their taxing powers.

Plaintiff also contends that the injury was not discovered until the assessment. In the fall of 1972 defendant announced the formation of the improvement district and held a public hearing to discuss the needed improvements. Under the allegations of plaintiffs' complaint, we must presume that the purpose of the improvements was to correct the alleged construction deficiencies. Defendant's action and the public hearing as a matter of law provided plaintiffs a reasonable opportunity for discovery.

Affirmed.

**THORNTON, J.,** dissenting.

I cannot agree with the majority that the 180-day limitation began running when the defendant city announced the formation of the improvement district in the fall of 1972, and that therefore plaintiffs did not give timely notice.

As I understand the facts, a private developer apparently could not make good on his obligation to put in a serviceable street. For reasons not appearing in the complaint, the defendant city repaired the street, and finally decided to assess the abutting property owners with the cost of the repairs rather than assuming the cost itself.

Assuming arguendo that the facts alleged in plaintiffs' complaint are otherwise actionable under our Tort Claims Act, I would hold that plaintiffs did give timely notice, and that the trial court erred in sustaining defendant's first affirmative defense and dismissing plaintiffs' complaint.

My research indicates that under the applicable authorities, the alleged tort of defendant was not complete until the assessments were levied against plaintiffs' properties.

First, the universally accepted rule applicable in tort cases is that damages are the *sine qua non* for the beginning of the running of the statute of limitations. *U. S. Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976). *See also, Industrial Plating Co. v. North,* 175 Or 351, 153 P2d 835 (1944); 51 Am Jur2d 681 et seq, Limitation of Actions § 109 (1970). The majority, after expressly recognizing this rule, fails to follow it. Instead, it fashions one of its own which is contrary to law in my view.

There is a further reason why we should adopt the above construction of the Act in preference to the construction adopted in the majority opinion. The Tort Claims Act is a remedial statute.[1] Our Supreme Court has expressly declared that a remedial statute must, if possible, be construed liberally so as to afford all the relief within the power of the court which the language of the Act indicates that the legislature intended to grant. *Sunshine Dairy v. Peterson et al.,* 183 Or 305, 193 P2d 543 (1948). This rule has been invoked in reference, for example, to our Workmen's Compensation Act (*Johnson v. Timber Structures, Inc.,* 203 Or 670, 281 P2d 723 (1955)), and to the Unemployment Compensation Act (*Puget Sound B. & D. Co. v. S.U.C.C.,* 168 Or 614, 126 P2d 37 (1942)). *Accord: Myers/Sherwood v. Tualatin RFD,* 5 Or App 142, 483 P2d 95 (1971) (firemen's civil service law).

---

[1] A remedial statute is defined as one which gives a party a mode of remedy for a wrong where he had none, or a different one, before. *Perkins v. Willamette Industries, Inc.,* 273 Or 566, 542 P2d 473 (1975).

Here the legislative intent is evident on the face of the statute: to afford a remedy to all citizens (with certain exceptions) who suffer injury through the negligence of governmental agencies, but who could not heretofore obtain compensation because of the doctrine of sovereign immunity.

If we follow the above rule of statutory construction as declared by our Supreme Court, I believe that we must place a liberal interpretation in favor of the claimant upon the notice requirement here in order to accomplish the purpose of the subject Act. *See, Urban Renewal Agency v. Lackey,* 275 Or 35, 549 P2d 657 (1976); *Croft v. Gulf & West./Highway Comm.,* 12 Or App 507, 506 P2d 541, Sup Ct *review denied* (1973). Accordingly, I would hold that the time limitation in issue did not begin to run until defendant city adopted the ordinance assessing the cost of the street improvement against plaintiffs' property. This did not take place until January 2, 1974. Inasmuch as plaintiffs filed their notices on February 8, 1974, it follows that the same were filed within the time specified in the Act.

Lastly, I cannot agree with the conclusion by the majority that plaintiffs' claims are also barred by ORS 30.265(2)(c), which provides:

> "(2) Every public body is immune from liability for:
> "* * * * *
>
> "(c) Any claim in connection with the assessment and collection of taxes."

It appears that the majority's conclusion on this point is based upon a misconception of the theory of plaintiffs' complaint. The thrust of the complaint is not, as the majority apparently concludes, against the street assessments per se. As plaintiffs state in their brief: "Plaintiffs are not raising the validity of the assessment nor the power of the city to impose it * * *." Rather, it is against the alleged earlier nonfea-

sance of the city officials in failing to follow those ordinances which were enacted to prevent the mischief which plaintiffs say occurred here. The assessments then, under plaintiffs' theory, are merely the end result of defendant's alleged nonfeasance and the measure of damages claimed.

There is an additional reason. A special or local assessment is not normally considered a "tax." *Raz et ux v. City of Portland et al,* 203 Or 285, 280 P2d 394 (1955); *Smith et al. v. Hurlburt et al.,* 108 Or 690, 217 P 1093 (1923); 11 Op Att'y Gen 498 (Or 1922-24); 70 Am Jur2d 842 et seq, Special or Local Assessments § 1 (1973).

For the above reasons I do not believe the provision quoted above should be held to bar these claims.