Argued and submitted December 4, 1987, judgment modified to reduce general damages; otherwise affirmed April 6, 1988

MARTIN et ux,
*Respondents,*

*v.*

CAHILL,
*Respondent,*

CARLIN et al,
*Appellants.*

(86-96; CA A42566)

752 P2d 857

Patrick Ford, Medford, argued the cause and submitted the brief for appellants.

J. Brendan Alexander, North Bend, argued the cause for respondents Thomas Martin and Marie Martin. With him on the brief was Robert E. Brasch, North Bend.

Jerry O. Lesan, Coos Bay, argued the cause and submitted the brief for respondent Sherryl Cahill.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs, purchasers of residential property, brought this action against the vendor, Cahill, and the realtors, Carlin, Sweet and Century 21, Coos Realty, Inc. (realtors), alleging a violation of the Unfair Trade Practices Act (UTPA), ORS 646.607(1)(e),[1] and three claims of misrepresentation. The complaint sought actual and punitive damages under UTPA, ORS 646.638(1), damages against all defendants for negligent misrepresentation of the boundaries of the property and rescission for negligent and intentional misrepresentation. Cahill filed a cross-claim against the other defendants, seeking indemnity. The court dismissed the UTPA claim as to Cahill. After trial, the court ruled that the complaint did not state claims for negligent misrepresentation. It directed verdicts for defendants on the intentional misrepresentation claims. The jury awarded plaintiffs general damages of $50,000 and punitive damages of $10,000 on the UTPA claim against realtors. The trial court awarded defense costs to Cahill against realtors for defending all claims against her.[2]

■ On appeal, realtors assert that the trial court erred in denying their motion to dismiss the UTPA claim on the ground that there was no evidence of a wilful misrepresentation concerning the boundaries of the real property. We agree with the trial court that there is evidence from which the jury could find that defendant Sweet represented the boundaries of the property when she did not know what the boundaries were and that the boundaries were, in fact, different from what they were represented to be. That is sufficient to establish a wilful

---

[1] ORS 646.607(1)(e) provides, in part:

"A person engages in an unlawful practice when, in the course of the person's business, vocation or occupation, the person does any of the following:

"* * * * *

"(e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have * * *."

[2] The indemnity award appears to encompass the expenses that Cahill incurred in prosecution of her cross-claim against realtors. As we note later, n 4, *infra,* the award is not challenged on the ground that those expenses are not subject to indemnification. Cahill was also awarded attorney fees for prevailing against plaintiffs, apparently on the basis of an attorney fee provision in the earnest money agreement. That award is not challenged, so we do not address whether prevailing on a claim for rescission would entitle Cahill to attorney fees under the contract.

misrepresentation under UTPA. *State ex rel Redden v. Discount Fabrics,* 289 Or 375, 378, 615 P2d 1034 (1980). The trial court correctly submitted the UTPA claim to the jury.

■     Next, realtors contend that the court erred in failing to dismiss the UTPA claim on the ground that there had been no proof of damages. ORS 646.638(1) provides:

> "Except as provided in subsection (7) of this section, any person who suffers any ascertainable loss of money or property, real or personal, as a result of wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater."

There is evidence from which the jury could find that, after the real estate transaction closed, a survey of the property revealed that approximately 30 feet of the front yard, which had been represented to be part of the subject property, was within the city street right-of-way. Additionally, there is evidence that the garage on the property extends within the 20-foot set back, in violation of city ordinances. There is also evidence that the property is narrower than realtors represented it to be and that the eave of the carport extends over the neighbor's property, as does a four-foot high brick wall. That is evidence from which the jury could determine that plaintiffs suffered an ascertainable loss as a result of realtors' conduct.

■     Next, realtors assert that the court erred in submitting the question of damages to the jury, because there was no evidence of the amount of damages and the jury therefore could only speculate. We agree with realtors on this assignment of error. The record was not sufficient to enable the jury to determine an amount of damages. It was instructed that the measure of damages is the difference between the value of the property as it was represented to be and its actual value. The parties appear to agree that that is the correct measure. Plaintiffs called no witnesses to testify as to the value of the property. Their only evidence was that they would not have purchased it had they known its true boundaries. That is not evidence of value; it merely demonstrates that plaintiffs have no desire for the property now that they are aware of its actual size and dimensions. Their testimony does not support a value

of zero, which is the finding implicit in the jury's general damages award of $50,000, which was the purchase price of the property. Because there is no evidence of the difference between the value of the property as it was represented to be and as it is,[3] plaintiffs are only entitled to statutory damages of $200.

Realtors do not contend that the question of punitive damages should not have gone to the jury; we therefore do not disturb that portion of the judgment.

■■ Finally, realtors contend that the trial court erred in requiring them to indemnify Cahill for the cost of defending against plaintiffs' claims, because she was successful in her defense. As we said in *State Dept. of Trans. v. Scott,* 59 Or App 25, 650 P2d 158 (1982), a party seeking common law indemnity must plead and prove that a third party made a claim, that the party reasonably incurred costs in defending or satisfying the claim and that, as between the party seeking indemnity and the indemnitor, the costs incurred ought to be borne by the latter. *See also PGE v. Const. Consult. Assoc.,* 57 Or App 116, 643 P2d 1334 (1982). There is no requirement that the indemnitee prove that he was actually liable to the third party.

---

[3] As plaintiffs' counsel's argument to the jury shows, they sought to establish that realtors should be required to pay them the full purchase price for the property:

"I'll tell you what my message is 'Patti Sweet, if this is the way you want to do business, then you buy the house.' Okay, His Honor is going to tell you that you can return a verdict for $50,000, and that's what we want. That's what I want for them. We want our $10,000 back. We want the $40,000 we owe. His Honor will tell you that you are entitled to bring that back.

"* * * * *

"Car dealers buy cars back. It's time that we had a real estate person buy a house back, and maybe Patti Sweet and maybe some real estate people around here are going to learn that sometimes being truthful ain't too bad a policy.

"* * * * *

"So then we say, 'Take the property back. You didn't sell us a home. That's not a home. We can't use that. It may be a gas station, but it's not a house, not a home.'

"* * * * *

"I am just asking you to tell Patti Sweet, 'Madam, you just bought yourself a home back, whatever it is. You call it a home, but you bought it back.' "

Realtors' counsel objected to that argument on the ground that it would lead the jury to believe that realtors would acquire the property if they paid plaintiffs the purchase price. The court overruled the objections. In view of our holding, we do not address the assignment of error relating to that ruling.

That is the only ground on which the award is challenged,[4] and it has no merit.

Judgment modified to reduce general damages to $200; otherwise affirmed.

---

[4] See n 2, *supra.*