Argued and submitted March 11, affirmed November 4, reconsideration denied December 23, 1992, petition for review denied February 23, 1993 (315 Or 442)

## M.L. KAUTH, INC.,
### an Oregon corporation,
*Respondent,*

*v.*

## Paul E. LYON,
*Appellant.*

### (A9004-02295; CA A69406)

840 P2d 730

John S. Cavanagh, Tigard, argued the cause for appellant. With him on the brief was Cavanagh & Zipse, Tigard.

Samuel C. Justice, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Defendant appeals from a summary judgment for plaintiff. The issue is whether there is a material factual dispute as to plaintiff's right to indemnity from defendant for litigation costs. We affirm.

Plaintiff owned a Domino's Pizza store and employed defendant as a delivery driver. On December 17, 1986, defendant ran a personal errand during a work break. The store manager permitted him to drive a vehicle displaying a Domino's sign and to wear his Domino's uniform. The vehicle collided with a car in which LeTourneau was a passenger.

LeTourneau sued defendant and plaintiff, asserting plaintiff's vicarious liability. Plaintiff tendered defense of the claim to defendant's insurer, but the insurer denied it. Plaintiff obtained a directed verdict at the close of LeTourneau's case-in-chief, because she had presented no evidence that defendant was acting as plaintiff's agent. The jury found defendant 100 percent at fault. In this action, plaintiff seeks to recover its litigation costs and attorney fees, alleging that defendant should pay them because he caused the accident.

■      When reviewing a motion for summary judgment, we consider the record in the light most favorable to the party opposing the motion, *Kim v. Allstate Ins. Co.*, 102 Or App 529, 531, 795 P2d 582, *rev den* 310 Or 475 (1990), and afford that party all reasonable inferences. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

■      In *Martin v. Cahill*, 90 Or App 332, 336, 752 P2d 857 (1988), we said:

> "[A] party seeking common law indemnity must plead and prove that a third party made a claim, that the party reasonably incurred costs in defending or satisfying the claim and that, as between the party seeking indemnity and the indemnitor, the costs incurred ought to be borne by the latter. * * * There is no requirement that the indemnitee prove that he was actually liable to the third party."

We must determine whether the record establishes conclusively that, as between these parties, defendant should bear the burden of plaintiff's attorney fees and costs in defending LeTourneau's claim. Defendant argues that that

question cannot be resolved by a summary judgment, because his appearance as plaintiff's agent was the corporation's responsibility and it was the appearance of agency that caused LeTourneau to sue plaintiff. That misses the mark. Plaintiff had to establish that, as between these parties, defendant is primarily responsible for the act that injured LeTourneau, not that plaintiff was innocent of any conduct that caused LeTourneau to name it as a defendant. *Kamyr, Inc. v. Boise Cascade Corp.*, 268 Or 130, 133, 519 P2d 1031 (1974); *PGE v. Const. Consult. Assoc.*, 57 Or App 116, 120, 643 P2d 1334 (1982). Plaintiff caused no injury to LeTourneau; the jury found that defendant was wholly responsible. There is no factual dispute regarding defendant's duty to indemnify plaintiff.

Affirmed.