Argued and submitted October 2, affirmed November 1, 2000,
petition for review denied March 7, 2001 (331 Or 674)

SAFECO INSURANCE COMPANY OF AMERICA,
an insurance corporation,
*Appellant,*

*v.*

Ellen RUSSELL,
*Respondent.*

(CCV9903128; CA A107352)

13 P3d 519

Karen O'Kasey argued the cause for appellant. With her
on the briefs was Schwabe, Williamson & Wyatt, P.C.

Michael H. Long argued the cause for respondent. With him on the brief was Brown, Roseta, Long, McConville, Kilcullen & Carlson.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

BREWER, J.

**BREWER, J.**

The question presented in this case is whether an insurer may assert a common-law indemnity claim against a person whose alleged negligence caused the injuries for which the insurer paid benefits to its insured. The trial court granted defendant's motion to dismiss the insurer's complaint for failure to state a claim. ORCP 21 A(8). We affirm.

We take as true the facts alleged in the complaint and all reasonable inferences that may be drawn from them. *Glubka v. Long,* 115 Or App 236, 238, 837 P2d 553 (1992). Plaintiff, Safeco Insurance Company of America, provided motor vehicle insurance, including uninsured/underinsured motorist (UM/UIM) coverage, to Rosemary and Robert Waltermire. In October 1993, the Waltermires were injured in a two-vehicle collision while occupying an insured vehicle. The accident was caused by the negligence of defendant, who was the operator of the other vehicle. The Waltermires sued plaintiff for UM benefits on account of damages arising from the collision. Plaintiff settled the Waltermires' claims. Plaintiff then commenced this action in March 1999, more than five years after the accident. Plaintiff alleged that it is entitled to indemnity because defendant's "fault * * * is active, primary and of a different character than the liability of [plaintiff] to the Waltermires, which is based on contract. In comparing the fault or liability of the parties, it is such that law and equity should require [defendant] to indemnify [plaintiff] for the sums it paid to the Waltermires."

Defendant moved to dismiss plaintiff's complaint and also moved for summary judgment. Plaintiff in turn filed its own motion for partial summary judgment. The trial court granted defendant's motion to dismiss the complaint for failure to state a claim, ruled that defendant's summary judgment motion was moot, and denied plaintiff's motion for partial summary judgment.[1] The court reasoned that "[p]laintiff has failed to allege facts sufficient to state a cause of action for common law indemnity; to wit, [p]laintiff has failed to

---

[1] Because we review the trial court's dismissal of the complaint under ORCP 21 A(8), we do not consider the evidence that accompanied the parties' submissions for and against summary judgment.

allege that [p]laintiff and [d]efendant have a common duty to a third party in either contract or tort."

On appeal, the parties agree that the incentive underlying plaintiff's choice of an indemnity theory is its need to assert a claim that is not subject to the two-year statute of limitations that has barred any subrogated claim for negligence that plaintiff might have had against defendant. *See* ORS 12.110(1); *Owings v. Rosé*, 262 Or 247, 261-63, 497 P2d 1183 (1972) (a claim for common-law indemnity is subject to six-year statute of limitations for contract claims, ORS 12.080, and does not accrue until the indemnitee has paid the loss). Plaintiff argues that the trial court erred in holding that the parties must share "identical legal duties to a third party in order for indemnity to be available." According to plaintiff, such a rule would undermine the equitable nature of common-law indemnity, which is designed to shift a loss to the party who, in fairness, ought to bear it. For the following reasons, we conclude that the trial court did not err.

In an action for common-law indemnity, the claimant must allege and prove that (1) he or she has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation should be discharged by the latter. *Fulton Ins. v. White Motor Corp.*, 261 Or 206, 493 P2d 138 (1972) (relying on rule stated in *Restatement of the Law of Restitution* § 76 at 331 (1937)). The Supreme Court clarified the meaning of the second requirement for indemnity in *Citizens Ins. v. Signal Ins. Co.*, 261 Or 294, 297-98, 493 P2d 46 (1972). There, an insurer sued the insurer of the alleged tortfeasor who injured the plaintiff's insured for recovery of the UM benefits it paid. Although the plaintiff asserted that its theory of recovery was based in tort,[2] it argued that its claim was "similar to" indemnity. *Id.* at 298. The Supreme Court disagreed:

"This is not a case of indemnity. *Such a case requires that a common duty be mutually owed to a third party.* Restatement of the Law of Restitution § 76, comment b. at 331.

---

[2] The plaintiff's precise theory of recovery was not identified in the court's opinion.

Plaintiff and defendant neither had a common duty nor did they owe a duty to the same person." *Id.* (Emphasis added.)

*Citizens* is factually distinguishable from this case in that both parties in that case were insurers who did not owe *any* duty to the same insured, let alone a common duty. However, the court's adoption of *Restatement of the Law of Restitution* § 76, comment b, is critical to the problem at hand. That comment states, in part:

"The rule [section 76] does not apply to a payment by a person who guarantees or insures another against a payment for which the guarantor or insurer is not himself liable since the duty of indemnity and the right to subrogation of such persons are wholly dependent upon the contract or agreement with the other. On the other hand, it does apply where the payor's duty is coextensive with that of the principal obligor * * *."

Thus, it is not enough that the parties are each liable to plaintiff's insureds. In order to trigger a right of indemnity, their liability must also depend on a common duty. The test stated in *Fulton* must be understood accordingly.

This court's decision in *Colonial Penn Ins. Co. v. Aery*, 112 Or App 87, 827 P2d 933 (1992), confirms that understanding. In that case, an insurer sued the owner of a mobile home park, in which its insured was a tenant, to recover UM benefits paid to the insured. The insurer alleged that the defendant was negligent in removing a retaining wall that would have protected the tenant's residence from damage caused by an uninsured driver whose vehicle crashed into the residence. We reversed the trial court's judgment dismissing the complaint for failure to state a claim for indemnity. We said:

"[Defendant] and the trial court fail to distinguish between subrogation and common law indemnity claims.

" 'Subrogation is the right of the insurer to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for the loss paid by the insurer.' 16 *Couch On Insurance* 75, § 61.1 (2d ed 1983).

"On the other hand, common law indemnity is the right that inures to a tortfeasor who has discharged a duty to an

injured party but that, as between that tortfeasor and another tortfeasor, should have been discharged in whole or in part by the other.

"Plaintiff's claim is based on a contract of insurance between it and [its insured]. It is not an effort by one tortfeasor to shift responsibility to another tortfeasor.[3] Plaintiff alleged sufficient facts to give rise to a claim of subrogation * * *." *Id.* at 89 (citations omitted).

As was the case in *Colonial Penn*, plaintiff's relationship to its insureds is based on principles of contract that are distinct from the duty of due care that defendant owed the insureds in tort. A UM insurer such as plaintiff is entitled to subrogation against an alleged tortfeasor based on the contract with its insured. ORS 742.502(4); ORS 742.504(11). Because the parties did not owe a common duty to plaintiff's insureds, however, the second requirement for indemnity has not been satisfied.

Plaintiff nonetheless argues that *Colonial Penn* is distinguishable, because we did not reach the specific question of whether indemnity would have been available had the plaintiff, in fact, sought that remedy. Plaintiff asserts that, because *Colonial Penn* and *Citizens* did not reach the precise issue for decision in this case, we should not apply their reasoning here. According to plaintiff, there is no logical reason to require that parties to an indemnity claim owe the same duty to a third person. Plaintiff points out that *Fulton* and other cases in which indemnity was upheld have not specifically referred to the common duty requirement. As plaintiff sees it, common-law indemnity is a flexible remedy that should be adapted—regardless of the source of duty—to any circumstances in which two parties are liable to a third party and one, in fairness, should ultimately bear the loss.

We have found no Oregon case in which the rule advocated by plaintiff has been adopted. The single decision in which plaintiff asserts that indemnity was upheld in the absence of a common duty is materially distinguishable. In *U.S. Fidelity v. Kaiser Gypsum*, 273 Or 162, 539 P2d 1065

---

[3] We have also recognized that indemnity is available in appropriate circumstances between parties who are each liable to a third party in a contract setting. *Star Mountain Ranch v. Paramore*, 98 Or App 606, 609-10, 780 P2d 758 (1989).

(1975), the Supreme Court held that an insurance carrier was entitled to recover amounts paid on behalf of its insured for a third-party workers' compensation claim. *Id.* at 177. Although the court described the claim as one for indemnity, the claim in fact was based on the insurer's *subrogation* to its insured's rights against the injured worker's employer. In particular, the court said: "[Plaintiff] is subrogated to the rights of its insured * * * and brought this action against [defendant] for indemnity." *Id.* at 165. Thus, the plaintiff occupied the position of its insured. It did not assert an independent claim against the employer based on common-law indemnity principles.

■     Although no Oregon case has decided the precise issue before us, courts in other jurisdictions uniformly have held that, because of the nature of its relationship with its insured, an insurer's remedy against a third party for recovery of benefits paid lies in subrogation; indemnity is not available as an alternative. In *Great Am. Ins. Co. v. United States*, 575 F2d 1031 (2d Cir 1978), the plaintiff insurer had paid a claim for damage done to its insured's apartment. The insurer brought a tort claim action against the government, alleging that the damage was caused by the negligence of United States marshals. The insurer argued that, because its claim was based on common-law indemnity, the statute of limitations was tolled until it had paid its insured. The insurer's claim would have been barred by a shorter statute of limitations had it been characterized as one for subrogation. In affirming the dismissal of the action based on a statute of limitations defense, the court stated:

> "The theory is admittedly novel. There is not a single reported case in American jurisprudence cited by appellant or discovered by this court which holds that upon an insurance carrier's payment to its insured, the insurer becomes vested with a claim arising out of an implied contract of indemnity with the tortfeasor who caused the damage necessitating payment by the carrier to the insured. On the contrary, the authorities and cases unanimously hold that the insurer's recovery is premised exclusively upon subrogation which, while equitable in nature, is also expressly provided for in the insurance contract here.

"* * * * *

"The appellant here is of course compensated for insuring risks. Presumably it \* \* \* recognizes that any delay may jeopardize its right to obtain indemnity from a third party by reason of statutory time bars." *Id.* at 1033-35.

The court adopted the rule set out in *Restatement of Restitution* § 76, comment b. The essence of the court's reasoning, and that of other courts following it,[4] is that the remedy of subrogation is sufficient to protect the rights of an insurer in plaintiff's position. Subrogation is available typically by contract, and it gives the insurer the same rights against an alleged tortfeasor that its insured had. To add a right of indemnity to its arsenal of claims actually would improve the insurer's position over that of its insured. It would afford the insurer a longer statute of limitations than the insured had on an underlying tort claim. In addition, it would insulate the insurer from other defenses, such as comparative negligence, that the alleged tortfeasor might have asserted against the insured. Insurers such as plaintiff are in the business of assuming risks for compensation. There is no reason why the law should, in fairness, imply a remedy in plaintiff's favor that would surpass any remedy that its insured may have had against defendant.

The foregoing rationale is implicit in the holding of *Colonial Penn* and is at the heart of *Restatement of Restitution* § 76, comment b. We adhere to it in this case. Because plaintiff's complaint alleged that plaintiff and defendant owed distinct and separate duties to plaintiff's insureds, the second requirement for indemnity has not been met. That requirement is not mere historical cant but is, instead, grounded in reasons that are, in part, related to the third requirement for indemnity. The differences in the nature of the duties that the parties owed to plaintiff's insureds prevent us from concluding that, as between them, defendant should bear the ultimate loss at issue in this case. The trial court did not err in granting defendant's motion to dismiss.

Affirmed.

---

[1] *See, e.g., Industrial Risk Insurers v. Creole Production Serv.,* 746 F2d 526 (9th Cir 1984); *Rock Island Bank v. Aetna Cas. & Sur. Co.,* 692 F2d 1100 (7th Cir 1982); *Silva v. Home Indem. Co.,* 416 A2d 664 (RI 1980).