384 February 19, 2026 No. 133

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MIDDLESEX INSURANCE COMPANY
as subrogee for Baldwin General Contacting,
*Plaintiff-Appellant,*

*v.*

VARITONE ARCHITECTURE, LLC,
*Defendant-Respondent.*

Linn County Circuit Court
22CV39558; A182714

Brendan J. Kane, Judge.

Argued and submitted January 21, 2026.

Cam Passmore argued the cause for appellant. Also on the briefs were Eric Skip Winters and Chinn Smith Winters LLP.

Amanda Bryan argued the cause for respondent. On the brief were Jacqueline Tokiko Mitchson, Laura Caldera Loera and Bullivant Houser Bailey PC.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Appellant, Middlesex Insurance Company (Middlesex), appeals from a judgment granting summary judgment in favor of Varitone Architecture, LLC (Varitone). We review for errors of law and will affirm if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). Because the trial court correctly concluded that Middlesex's claim was precluded under existing case law, it properly granted summary judgment to Varitone, and we affirm.

The relevant facts are few and undisputed. Varitone prepared architectural drawings to build a new commercial building, contracting directly with the owners of the property. Baldwin General Contracting (Baldwin) constructed the building, also contracting directly with the owners of the property. After part of the building collapsed, the owners made a claim against Baldwin, but not against Varitone. Baldwin's insurance company, Middlesex, covered the repair work. Middlesex, as the subrogee for Baldwin, then sued Varitone for negligence in its design plans.

Varitone moved for summary judgment on several grounds, including that Middlesex's claim was one for common law indemnity, which was barred under *Eclectic Investment, LLC v. Patterson*, 357 Or 25, 346 P3d 468 (2015), and *Safeco Ins. Co. v. Russell*, 170 Or App 636, 13 P3d 519 (2000), *rev den*, 331 Or 674 (2001). The trial court agreed with Varitone, concluding that those cases (*Safeco* in particular) precluded Middlesex's common-law indemnity claim and that Varitone was therefore entitled to summary judgment.

We agree with the trial court's reasoning and ultimate conclusion. *Safeco* stands for the proposition that an insurer cannot assert a common-law indemnity claim against someone whose negligence caused the injuries for which the insurer paid benefits to the insured. That is because one of the elements of a common-law indemnity claim is that the defendant also be liable to the third party

based on a common duty. *Safeco*, 170 Or App at 639-41. Here, no common duty existed: Varitone's duty to the owners arose out of an architectural contract and Middlesex's duty to the owners arose out of a separate insurance contract and the owners never pursued a claim against Varitone. Middlesex's claim against Varitone is therefore barred.

Affirmed.