*Wells, Smith & Macon,* for plaintiffs in error.
*Markham & Patterson,* for defendants in error.

------------

# HANNA *v.* BARKER.

*(Supreme Court of Colorado, December Term, 1882—Appeal from Arapahoe District Court.)*

1. EVIDENCE. The husband is a competent witness in case involving the separate property of his wife. A witness, though not an expert, may state a conclusion of fact derived from knowledge of the subject-matter. This, though not expert testimony, is admitted on the same grounds.

2. PLEADING—INSUFFICIENT DENIAL—IMMATERIAL STATEMENT. The defendant in his answer says, "On information and belief, that he did not make and enter into the agreement set forth in the complaint, but avers that he signed *an agreement similar to that set forth in said complaint,* which was never delivered as a completed agreement, but only to procure the signatures of other parties, which were never procured"—the agreement sued on being set out *hæc verba* in the complaint: *Held,* that the statement concerning the *"similar agreement"* was immaterial, and hence need not be replied to, and that the execution of the agreement alleged to have been done by the defendant in person was a matter necessarily within his personal knowledge, and denial thereof must be positive and direct, and not on information and belief.

3. SAME—SUFFICIENCY OF ALLEGATION. An averment in complaint that "the defendant made and entered into an agreement with the plaintiff," a complete copy of which is set out, states an ultimate fact, which, though a conclusion of law from the evidence, is pleadable. In such case it is not essential to state that the agreement was " delivered."

BECK, J.　It is assigned for error that the District Court erred in permitting the witness A. H. Barker to testify in the cause; and that it afterwards erred in denying a motion to strike out his testimony.

The witness was the husband of the plaintiff below, Lucinda Barker.　The contract sued upon provided that in the event of one of three specified contingencies arising, a certain sum of money should be paid to the plaintiff.　The witness A. H. Barker was permitted to testify, on the theory that the litigation concerned the separate property of the wife, which made him a competent witness under Chap. 104, G. L. 1877.

In this view of the case the ruling was correct.　*Palmer* v. *Hanna*, Dec. T., 1881, 2 Colo. Law Rep., 298.

As suggested by plaintiff's counsel, if the litigation did not concern the separate property of the wife, in that case it concerned the property of the husband, and in either case the witness was competent to testify.　The point made in argument that this was a device between husband and wife to gain an additional witness, is without force.　It is not assigned for error or claimed that the wife was a witness on the trial, and the record shows that she did not testify in the cause.

The second assignment of error was to the admission in evidence of the contract sued upon.　This contract was set out in *hæc verba* in the complaint.　The objections made to its introduction in evidence were, that upon its face it was executed by a part only of those who should have executed it; that its execution and delivery had not been proved, and no replication having been filed to defendant's answer, it stood admitted by the pleadings that the contract was never completely executed and never delivered as an executed contract.

The position assumed by plaintiff's counsel is, that the allegations of the defendant's answer were insufficient to put in issue the execution and delivery of the contract.

The substance of the answer upon this point is, that defendant says, on information and belief, that he did not make and enter into the agreement set forth in the complaint, but avers that he signed "*an agreement similar to that set forth in said complaint,*" which was never delivered as a completed agreement, but only to procure the signatures of other parties thereto, which were never procured.

If this paragraph of the answer contains a material aver-
ment, it is the denial of defendant that he made and entered
into the agreement set out in the complaint. It is wholly im-
material to the case at bar what was done with the "similar
agreement." Defendant's counsel say that portion of the an-
swer relating to this similar agreement was new matter, and
not having been traversed by a replication, stands confessed as
true, and presents a complete bar to the right to recover,
being an admission that no contract was entered into.

It is certainly new matter, but as pleaded, it has no connec-
tion with the cause of action, and might have been stricken
out on motion as irrelevant. Laws 1879, p. 215, Sec. 1; Bliss
on Code Pl., Sec. 423.

In respect to the averment of defendant, on information and
belief, that he did not make and enter into the agreement, it is
to be observed that this is an averment concerning a fact
which is presumptively within the defendant's knowledge.
The fact charged in the complaint was an act alleged to have
been done by the defendant himself. Such facts cannot be de-
nied on information and belief. Both the statute and the rules
of pleading require the denial in such cases to be direct and
positive. (Code of Civil Procedure, Sec. 57; *Humphrey et al.* v.
*McCall et al.*, 9 Cal., 59; *Gas Co.* v. *San Francisco*, 9 Cal., 453;
Bliss on Code Pldg., Sec. 326.) This portion of the answer was
evasive; the remainder of the paragraph was irrelevant; the
whole paragraph may therefore be disregarded. It is clearly
insufficient upon its face, and does not tender a material issue.

It is assigned for error, and strongly insisted upon, that the
District Court erred in permitting the witness Barker, against
appellant's objection, to answer questions, in substance, whether
or not the Dean and Casto lodes were one and the same lode.

Counsel say this was permitting the witness to give his opin-
ion upon the issue which the jury was trying, instead of giv-
ing facts from which the jury could form its own opinion.
They further say that no foundation was laid for this kind of
testimony; that it was not expert testimony, nor was it a case
calling for expert testimony.

A review of the testimony of this witness, as set out in the
transcript of the record, shows that prior to the questions and

answers, the admission of which is supposed to be so fatally erroneous, the witness had made the following statement of facts, substantially, to the jury: That he was one of the original discoverers of the Casto lode, he and a Mr. Hayman having discovered and taken it up in 1859. That the lode was opened about one thousand feet, and could be traced without difficulty. That the Dean lode branched out of the Casto at a certain point, and was a spur of that vein. That this same property was re-located in 1863 by Guy Hulett and Charles Post, under the name of the Winnebago lode, their discovery being on the same one hundred feet claim as the discovery of the Casto.

The witness explained how these lodes were taken up in claims of one hundred feet each, and how the claims were numbered on all the lodes. He illustrated on his fingers, to the jury, how the Casto and Dean were situated or lay with relation to each other, and stated that claims 2 and 3 on the Dean lay opposite claims 2 and 3 on the Casto, and that the former were covered by the mill site.

He stated that Post and Hulett sold the Winnebago to the Albany Mining Company about a year after they took it up, and that witness had a contest with that company over the Casto and Winnebago in the year 1875 or 1876.

After the above statement of facts, the witness was shown a certified copy of a deed from the Albany Mining Company to John R. Hanna, and after answering that he knew the property described therein, he was asked to state whether the Winnebago and Casto property described in the deed were the same property described in the contract sued upon.

The description of this property as given in the deed is: "All the mining claims number one, two, three and four east on the Winnebago lode, with mill and mill site two hundred and fifty feet square on claim number three, and discovery claim, and claims number one, two and three west, and number one and two east on the Casto lode."

The witness answered thus:

"It corresponds with the property on the Casto, as numbers one, two and three east of the discovery. That far it corresponds with the Winnebago description. Then they have 100 feet more put into their record, which takes the discovery claim."

In reply to further questions the witness said the deed describes 100 feet more on the Casto lode than the contract did.

The contract sued upon was then introduced in evidence, after which the witness detailed the particulars of the two conversations had by him with the defendant relating to the sale of the property by the defendant to the O. K. Mining Company, and the sum of money due witness under the contract. He was then requested to state whether the Casto and Dean lodes mentioned in the contract were the same lodes he had been talking about in his testimony. He said they were. Being shown the contract sued upon and the description of the property as mentioned therein, he was asked what property it was. His answer was:

"Numbers one, two and three, there on the Casto from the discovery, the same as numbers two, three and four on the Winnebago. It covers the identical property which is now the Winnebago, taking the discovery claim—it is on the west end, which we never numbered when we took up the property. We commenced at the edge of the discovery claim, and they count in the discovery claim on the Winnebago as number one. We began from the edge of the discovery, making numbers one, two and three covering the east end of the Winnebago."

The witness was also shown a deed from the defendant, James W. Hanna, to the O. K. Mining Company, describing, among other property conveyed therein, "claims number one, two, three and four east on the Winnebago lode, together with mill and mill site two hundred and fifty feet square on claim number three, * * * together with all the dips, spurs and angles, and also all the metals, ores, gold and silver bearing quartz, rock and earth therein," etc., and being interrogated as to what property the description covered, answered that it was the same property, explaining as before the difference in the mode adopted of numbering the claims on the Casto and Winnebago lodes.

He was then asked to state whether or not the property described in this deed from the defendant to the O. K. Mining Company was the same property described in the instrument sued upon, to which he replied that it was the same property.

The foregoing questions and answers cover that portion of the witness Barker's testimony which counsel so strongly objects to as having misled the jury, and to be in violation of the rules of evidence.

We discover no errors in the admission of this testimony. Here was an instance where, according to the testimony on the part of the plaintiff, the same lode was twice located under different names, and the claims thereon differently numbered in the two locations. One of the original locators who had personal knowledge of all the facts detailed them to the jury, stating in the same connection, that a spur or branch of the main vein departs from it at a certain point and was named the Dean lode, describing its location and the situation of the claims thereon with reference to the main vein and also with reference to a certain mill site. These are the statements of facts and not of opinions. And when certain written instruments were shown the witness, one describing the property according to the names and numbers given it by the first location, and the others by the names and numbers given by the second location, and some incorporating portions of both descriptions in the same instruments, the witness only applied these several descriptions to the subject matter, when he said they all cover the same property. And considering the opportunity of testing the truth of this testimony by cross-examination, and by the introduction of other witnesses, it was not in any view of the question necessarily prejudicial to the defendant.

Testimony of this character was held to be competent in *Pipe* v. *Smith*, 4 Colo., 464.

The objection that the Court permitted the witness to substitute his own opinion for the judgment of the jury is, therefore, not well taken. Such testimony is not mere opinion, but rather a conclusion of fact derived from observation and knowledge of the subject matter. True, it is not expert testimony, since it requires no special learning or experience, but it is admissible on the same grounds as expert testimony in the furtherance of justice. *Commonwealth* v. *Sturtivant*, 117 Mass., 132.

In the case of *Steamboat Clipper* v. *Linus Logan*, 18 Ohio, 375, the Court says:

"It is not true as a legal proposition that no one but an expert can give an opinion to a jury. From the necessity of the case, testimony must occasionally be a compound of fact and opinion."

The foregoing are the only errors assigned upon the admission of evidence which we can notice under our rules, which require errors to be separately alleged and particularly specified.

It is urged that the motion for nonsuit should have been sustained on two grounds, other than those previously considered:

*First*—Because the plaintiff's testimony did not warrant a verdict in her favor.

*Second*—Because the complaint did not state facts sufficient to constitute a cause of action.

It is only necessary to say in answer to the first ground, that a careful examination of the evidence satisfies us of its sufficiency.

Referring to the second ground, counsel say:

"The failure to aver a delivery of the agreement was fatal, and was good ground of nonsuit.   *   *   *   A delivery of the agreement was essential, and the averment of a delivery was equally essential."

The averment in the complaint is:

"The defendant made and entered into an agreement with the plaintiff," setting out a complete copy of the same.

Counsel argue that if it be said this averment covers a *delivery* of the agreement, then it is still insufficient because it is not the allegation of a fact, but a conclusion of law, which is not pleadable.

This proposition is too refined. The same objection would apply to an allegation that the agreement was *delivered*, because, as Mr. Selden observes in *Davis* v. *Hotchkiss*, (see Bliss on Code Pldg., Sec. 208,) the delivery may have been actual, or it may have been constructive merely, and what amounts to a delivery is a question of law.

Either averment, however, is that of an ultimate fact, which, although a conclusion of law from the evidence, is pleadable.

Mr. Bliss says, in his work upon Code Pleading, Sec. 209:

"The statement of a conclusion arising from facts under the law is not prohibited in any system; on the other hand, such conclusions are found in every pleading. But they are conclusions of fact—they are but logical inferences from probative, or evidential facts."

The ruling of this Court in *Baker* v. *Cordwell*, 2 Colo. Law Rep., 427, cited by defendant's counsel, is not in point. That was an action to recover possession of personal property.

The complaint averred simply a right of possession, which was held bad on demurrer, on the ground that the action in such case is based on the assumption that the plaintiff has either a general or special property in the goods sought to be recovered, as well as a right to their immediate possession. The mere averment of a right to their possession, therefore, was the statement of a legal conclusion, the ultimate fact from which the right flowed, viz.: an ownership in the goods, general or special, not being alleged.

The ruling in the case of *Higgins* v. *Bullock*, 66 Ills., 39, is more analogous to the question raised in this case. It was assigned for error that there was no averment in the declaration that the note sued on was delivered to the plaintiff. The averment was:

"And the said Alfred Ingalls then and there indorsed the same to the plaintiff."

The Court say:

"We regard the allegation    *    *    *    *    as importing a complete indorsement by the delivery of the note to the plaintiff. It has been held that the averment, he '*made*' the bill, when used in reference to the drawer of a bill of exchange, imported the delivery of the bill to the payee. (*Churchhill* v. *Gardner*, 7 T. R., 596.) We see no reason why a like force should not be allowed to the term '*indorsed*' in the present case."

In view of the foregoing principles and authorities, we think the facts constituting the cause of action were sufficiently alleged in the complaint, and that no error was committed in denying the motion for nonsuit.

We discover no substantial error in the giving and refusing of instructions.

Upon a review of the entire evidence we find that it amply supports the verdict of the jury.

The judgment is affirmed.

*Judgment affirmed.*

*Benedict & Phelps*, for appellant.

*L. C. Rockwell*, for appellee.