## No. 11,382.

INTERNATIONAL STATE BANK OF TRINIDAD v. TRINIDAD BEAN AND ELEVATOR COMPANY.

Decided April 5, 1926.

Action for damages.  Judgment for defendant.

## *Reversed.*

1.  TORTS—*Litigation—Damages.*  When the natural and probable consequences of a wrongful act has been to involve plaintiff in litigation with others, the general rule is that the reasonable expense of the litigation may be recovered from the wrongdoer.

2.  PLEADING—*Demurrer—Facts.*  Pleaded evidential facts and conclusions of law are not admitted by demurrer, but ultimate facts are.

3.      *Complaint—Damages.*  In an action against a garnishee for damages, the complaint alleging fraudulent attempt to deprive plaintiff of his goods; false answers in furtherance of the attempt; and resulting litigation and damage, states a cause of action.

4.  GARNISHMENT—*Answer.*  If a garnishee knows the truth he must tell it; if he fraudulently answers falsely, he is liable for damages.

5.  APPEAL AND ERROR—*Demurrer—Damages.*  Where judgment is entered in favor of defendant upon the sustaining of his demurrer to the complaint, the question of measure of damages cannot be involved on review.

6.      *Improper Issues.*  The Supreme Court cannot review the action of the trial court on a point not properly before it.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Messrs. McHENDRIE & SHATTUCK, for plaintiff in error,

Mr. FRANK H. HALL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE bank was plaintiff below; a demurrer to its complaint was sustained; judgment for defendant and plaintiff brings error.

The demurrer was on two grounds, 1. Insufficient facts. 2. Ambiguity. There were no specifications on the second ground, so it was a nullity; the only question before us, then, is whether the facts were sufficient.

Omitting details and evidential matters, the substance of the complaint is that defendant, a warehouseman, held, as such, goods of which plaintiff was sole owner, and of the receipt for which plaintiff was assignee of the original bailor, the Rocky Mountain Bean and Elevator Company. That in an action against the said Rocky Mountain Company the defendant was garnished and, knowing that said Rocky Mountain Company neither had nor claimed any interest in said goods, and that plaintiff was sole owner thereof, and for the purpose of benefitting one Hall, its attorney and secretary, who had an interest with the plaintiff in said action, fraudulently answered as such garnishee, that said goods were claimed by plaintiff and by said Rocky Mountain Company, and that defendant did not know to whom they belonged, and that thus this plaintiff was put to great expense, and was forced to appear many times in court and to engage in extensive and prolonged litigation in and about defending its title to said goods, to its damage in the sum of $1,500.

It would seem clear that such conduct ought to be the subject of damages and the authorities support that proposition. When the natural and probable consequence of a wrongful act has been to involve plaintiff in litigation with others, the general rule is that the reasonable expenses of the litigation may be recovered from the wrongdoer. 17 C. J. 809; *Philpot v. Taylor*, 75 Ill. 309, 20 Am. Rep. 241; *N. Y., etc., Ins. Co. v. Protection Ins.*

*Co.,* 18 Fed. Cas. No. 10,216; *Duxbury v. Vt. Cent. R. R. Co.,* 26 Vt. 751; *Hubbard v. Gould,* 74 N. H. 25, 64 Atl. 668; *Coolidge v. Brigham,* 5 Met. (Mass.) 68; *Rectenbaugh v. Northwestern, etc., Co.,* 22 S. D. 410, 118 N. W. 697; *McGaw v. Acker, etc., Co.,* 111 Md. 153, 160, 73 Atl. 731; *Levitzky v. Canning,* 33 Cal. 299. There is nothing in *Geijsbeek v. Martin,* 27 Colo. App. 316, 148 Pac. 921, contrary to the principle of these cases. It follows that the complaint states a cause of action.

Defendant in error claims that the complaint states conclusions of law. Its fault is rather at the other extreme, evidential facts; however, it states the ultimate facts of ownership by plaintiff *(Baker v. Cordwell,* 6 Colo. 199; *Hanna v. Barker,* 6 Colo. 303, 313)); the fraudulent attempt to deprive plaintiff of his goods; the false answer in furtherance of that, and the resulting litigation and damage. The evidential facts and the conclusions of law, if any, are not admitted by the demurrer but these ultimate facts are, and, by reason and authority as stated above, constitute a cause of action. Sections 138 and 139, Code 1921, do not help the defendant. Those sections refer to answers in good faith. If a garnishee knows the truth he must tell it; if he tells a falsehood, at least if he tells it for a fraudulent purpose, he must pay damages.

The claim that plaintiff did not tender to defendant certain other warehouse receipts given for the same goods before the receipt above mentioned was given would be pertinent if the action were merely one for breach of warehouseman's duty to deliver, but not to an action on the tort which we have considered above.

The question of measure of damages is discussed, whether attorney's fees incurred in the garnishment litigation can be recovered. The question is not properly before us. The question of the amount of damages was not involved in the demurrer, and we cannot review the action of the district court on a point which was not be-

fore it, but we call attention to *Goldstein v. Rocky Mt. Env. Co.,* 78 Colo. 341, 241 Pac. 1110, and *Nielsen v. Hansford,* 78 Colo. 456, 242 Pac. 677.

Judgment reversed with directions to overrule the demurrer and proceed with the case.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.