The **ALEXANDER COMPANY**, a Colorado general partnership, Plaintiff–Appellee,

v.

Michael K. **PACKARD**, Defendant–Appellant.

No. 85CA1204.

Colorado Court of Appeals, Div. III.

March 10, 1988.

Holmes & Starr, P.C., Kenneth L. Starr, Joseph H. Fretz, Denver, for plaintiff-appellee.

Conover, McClearn & Heppenstall, P.C., E.M. Heppenstall, Catherine A. Lemon, Denver, for defendant-appellant.

JONES, Judge.

In this action to recover expenses incurred in defending against mechanics' lien cases, judgment was entered for plaintiff, The Alexander Company (Alexander), against Eagle Constructors, Inc. (Eagle) and Michael K. Packard, individually. He appeals and we affirm.

In August 1983, Eagle Constructors, Inc. (Eagle), entered into an agreement with Alexander, to perform storm sewer, sanitary sewer, and water line construction work on one of Alexander's projects. Eagle submitted monthly invoices to Alexander for work performed. Alexander issued five checks in payment to Eagle, totalling $341,122, each bearing a restrictive endorsement indicating that Eagle was representing that the project was free from liens.

Eagle began to experience acute financial difficulties, and was not paying its suppliers on the Alexander project. On and after December 1, 1983, Packard, vice-president and owner of 50 percent of Eagle's stock, assumed sole responsibility for its financial decisions.

After Packard had assumed financial control of Eagle, the last two Alexander checks totalling $104,953 were received. Packard did not reveal to Alexander that Eagle's suppliers were not being paid. The two checks were endorsed by Packard and deposited, and the funds were used to pay general obligations of Eagle, including suppliers on projects other than Alexander's. Thereafter, seven of Eagle's suppliers on the Alexander project filed liens totalling $146,178. Alexander defended the mechanics' lien cases, incurring costs and attorney fees, and settled the claims for a total of

$116,651. Alexander sued Eagle and Packard to recover its damages. After a trial to the court, judgment was entered against Eagle in the full amount paid by Alexander to settle the lien claims, against Packard personally for $104,953 of the settlement amount, and against both for prejudgment interest costs and Alexander's attorney fees. Packard's appeal followed.

## I.

■ Packard contends that the trial court erred in finding him personally liable to Alexander on theories of constructive and statutory trust. We do not agree.

Section 38–22–127, C.R.S. (1982 Repl. Vol. 16A) provides that "[a]ll funds disbursed to any contractor ... on any construction project shall be held in trust for the payment of the subcontractors, material suppliers, or laborers who have furnished materials, services, or labor, who have a lien, or may have a lien against the property ...." Such funds are to be held in trust until paid. *In re Specialized Installers, Inc.*, 12 B.R. 546 (Bankr.D.Colo. 1981); § 38–22–127(1), C.R.S. (1982 Repl. Vol. 16A).

In the present case, Packard controlled the finances of Eagle from and after December 1983, and is charged with knowledge of the relationship of trust and confidence which the statute placed on Eagle and on him. *See In re Specialized Installers, supra.* The evidence supports the trial court's findings and conclusions that Packard breached the statutory trust relationship by diverting the trust funds from the suppliers on the Alexander project to other obligations of Eagle for which Packard was personally liable in order to avoid his own liability, and that Packard was therefore personally liable for breach of fiduciary duty. *See In re Specialized Installers, Inc., supra.*

■ The record further supports the trial court's determinations that Packard breached the fiduciary duties owed to Alexander under a theory of constructive trust. Constructive trusts may arise under a multitude of circumstances, including those situations in which a confidential relationship arises by virtue of one party having justifiably reposed confidence in another, and are generally found where a transferor of property is justified in his belief that the transferee will act in his best interests. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979); *In re Specialized Installers, Inc., supra.*

Alexander was entitled to assume that Packard would act in Alexander's best interest in disbursing funds paid to Eagle for its suppliers. As Packard knowingly diverted those funds, he is personally liable for the breach of trust, even if, as he claims, he did not personally benefit. *See In re Currin,* 55 B.R. 928 (Bankr.D.Colo. 1985); *In re Specialized Installers, Inc., supra.*

## II.

■ Packard also contends that the attorney fees incurred by Alexander did not proximately result from Packard's wrongful acts. However, as stated in *International State Bank of Trinidad v. Trinidad Bean & Elevator Co.,* 79 Colo. 286, 245 P. 489 (1926):

"When the natural and probable consequence of a wrongful act has been to involve plaintiff in litigation with others, the general rule is that the reasonable expenses of the litigation may be recovered from the wrongdoer."

*See Elijah v. Fender,* 674 P.2d 946 (Colo. 1984). Here, Packard's actions standing alone were such that Alexander had to incur litigation involving lien claimants. Hence, the court did not err in ruling that Alexander is entitled to recover the reasonable expenses of that litigation, including attorney fees.

Packard's other contentions have been considered and are without merit.

The judgment of the trial court is affirmed.

VAN CISE and STERNBERG, JJ., concur.